**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLADYS CHEPKURIR KIPTABUT, | No. 07-70612 |
| Petitioner, | |
| v. | Agency No. A076-642-843 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Gladys Chepkurir Kiptabut, a native and citizen of Kenya, petitions for

review of the Board of Immigration Appeals' ("BIA") January 23, 2007, order

denying her motion to reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

We review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kiptabut's motion to reopen because her motion was untimely, *see* 8 C.F.R. § 1003.2(c), and Kiptabut failed to establish changed country conditions or other special circumstances that would warrant reopening, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

Kiptabut's contention that the BIA violated her due process rights by failing to review documents submitted with her motion to reopen is belied by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim.

We lack jurisdiction to review the BIA's April 19, 2007, order denying Kiptabut's motion to reconsider because this petition for review is not timely as to that order. *See Stone v. INS*, 514 U.S. 386, 401-06 (1995).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**